**GREGORY A. CHAIMOV, OSB 822180**
gregchaimov@dwt.com
**P. ANDREW McSTAY, JR., OSB 033997**
andrewmcstay@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: 503-241-2300
Facsimile: 503-778-5299

Attorneys for Defendant BAC Home Loans Servicing, LP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT MEDFORD

| | |
|---|---|
| **EDWARD & RENEE FISHER,**<br><br>PLAINTIFF,<br><br>v.<br><br>**BANK OF AMERICA HOME LOANS,**<br><br>DEFENDANT. | Case No. 10-3079-PA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, DISSOLVE PRELIMINARY INJUNCTION, AND EXPUNGE LIS PENDENS** |

## I. INTRODUCTION

Plaintiffs have pleaded a prolix, incomprehensible complaint against defendant BAC Home Loans Servicing, LP ("BAC"), the entity servicing their mortgage.[1] The complaint spills considerable ink indicting the American mortgage industry, but fails even to mention BAC – much less to make specific allegations or plead legally cognizable claims against BAC. The court should dismiss all claims against BAC and dissolve the preliminary injunction in this case,

---

[1] The complaint erroneously lists "Bank of America Home Loans" as defendant. BAC Home Loans Servicing, LP did not originate the loan to plaintiffs, but is the servicer of plaintiffs' note.

which was entered without proper notice to BAC. The court should also expunge the lis pendens filed by plaintiffs.

## II. BACKGROUND

Plaintiffs have engaged in a flurry of activity at the outset of this case, nearly of all of which has occurred without proper notice to BAC. Plaintiffs have sent each filing to different addresses for BAC.

Apparently attempting to halt a nonjudicial foreclosure, plaintiffs began this case by filing what they styled a "Petition" on August 18, 2010.[2] Before serving the summons and complaint on BAC, plaintiffs sought and obtained on August 19 an ex parte temporary restraining order enjoining the foreclosure sale. (Docket #6.) This court also ordered a show cause hearing for August 30 on whether to issue a preliminary injunction. (*Id.*) Plaintiffs served the summons and complaint on BAC's registered agent for service of process in Oregon on August 20. (Docket #9.) In spite of their obvious knowledge of BAC's registered agent for Oregon, plaintiffs elected to mail the injunction pleadings and the court's show cause order to a general mailing address for BAC in California that is not designated for legal process, where it was received only five days before the hearing. Declaration of P. Andrew McStay, Jr. in Support of Defendant's Motion to Dismiss, Dissolve Preliminary Injunction, and Expunge Lis Pendens ("McStay Decl.") ¶ 3. Not having received proper notice of the entry of the t.r.o. or the setting of the show cause hearing, BAC did not even know it needed to appear (although it would have done so to oppose the injunction if properly notified). This court issued on August 30 a preliminary injunction enjoining a foreclosure sale until October 27. (Docket #12.)

Plaintiffs later moved for a default judgment on September 13. (Docket #15.) Again, the motion lacks a certificate of service, and plaintiffs appear to have served it not on the registered agent but on yet a different address: this time a BAC post office box for customer service

---

[2] Plaintiffs have not made payments on their loan since November 2009 and have been living rent-free in their home since that time. McStay Decl. ¶ 2.

inquiries. McStay Decl. ¶ 4. BAC appeared on September 14 to request additional time to file an answer or pleading motion. (Docket #16.) The court denied plaintiffs' motion for default and gave BAC until October 1 to file a first appearance. (Docket #18.)

### III.  THE COMPLAINT

Plaintiffs' complaint is a cut-and-paste effort containing next to no information specific to plaintiffs. Indeed, the identical complaint was recently dismissed in the Central District of California.[3] Nowhere in the body of the complaint is BAC specifically named, and there are only two glancing references to loan servicing, BAC's particular role with respect to plaintiffs' loan. Instead, the complaint refers throughout to unspecified defendants, including apparently plaintiffs' real estate agent, mortgage lender, and title company. (Compl. p. 6.) Plaintiffs' failure to name the defendants or to provide any meaningful identifying information about the events alleged in the complaint makes it difficult to respond to the allegations. What is clear is that the complaint makes no references to or claims against BAC as plaintiffs' loan servicer. Nor do the claims pleaded apply in any way to BAC.

### A.  Plaintiffs' Complaint Is Littered with Irrelevant Statements About Conspiracies by Unnamed Persons and Other Immaterial Allegations.

Plaintiffs spend the opening pages of the complaint discussing a "non-factual Statement of Posture and Position." (Compl. p. 2.) This statement and other portions of the complaint contain lurid allegations about corruption in the mortgage finance industry as a whole, but do not include any specific information about plaintiffs, much less any allegations about specific conduct by BAC directed at plaintiffs. Under FED. R. CIV. P. 12(f), this court can strike any "redundant, immaterial, impertinent, or scandalous matter." The court should strike the "non-factual Statement" (pages 2 to 5 of the complaint) and the section entitled, "Business Practices Concerning Disregarding of Underwriting Standards" (pages 15 to 18).

---

[3] Copies of the California district court complaint and dismissal order are attached as Exhibits A and B to the McStay Declaration. BAC requests that the court take judicial notice of the complaint and dismissal order. FED. R. EVID. 201.

Similarly, many portions of the complaint read like excerpts from motion practice in some other case. Having filed a complaint and sought relief against BAC in this court, for example, plaintiffs illogically claim that unnamed "Defendants are without standing to invoke the subject matter jurisdiction of the court." (Compl. p. 8.) Plaintiffs also include extraneous argument about the "Sufficiency of Pleading" (p. 19). The court should strike these sections.

### B. Plaintiffs Include Almost No Information About Their Personal Circumstances and No Information at All About Defendant.

Plaintiffs allege that they "entered into a consumer contract for the refinance of a primary residence at 3696 Princeton Way, Medford OR[.]" (Compl. p. 1.) They also include a list of settlement fees on page 12.[4] Other than these two references, plaintiffs include no specific information about the refinancing or their property. Notably, they don't list the amount of the refinance, when it occurred, the name of the lender, or any other similar information.[5] The complaint also refers to unspecified shortcomings in loan documents without attaching or describing the loan documents. Nor does the complaint provide any detail about alleged "misrepresentations" made to plaintiffs.

### C. Plaintiffs' Claims for Relief Lack Specificity and Nowhere Mention Defendant or Its Conduct.

It is not entirely clear what claims plaintiffs bring in this action, and against whom. Under "Causes of Action," plaintiffs list breach of fiduciary duty, "negligence/negligence per se," common-law fraud, breach of the covenant of good faith and fair dealing, violations of the Truth in Lending Act ("TILA"), and intentional infliction of emotional distress. (Compl.

---

[4] Plaintiffs' claims for relief do not refer to these fees, but the imposition of fees is not improper in itself. Plaintiffs do not appear to be arguing that the fees were not disclosed to them, but instead ask for "documentation to show that the fees herein listed were valid, necessary, reasonable, and proper[.]" (Compl. p. 12.) The fact that plaintiffs include the list of fees shows that they were fully disclosed, and plaintiffs do not specify why the fees were unreasonable.

[5] Plaintiffs claim a right to restitution in the amount of $425,951.97 (p. 18), but it is unclear where this number comes from because it is not the amount of the refinance. *See* Ex. B to McStay Decl.

Page 4 – MEMO. IN SUPP. OF DEF.'S MOT. TO DISMISS AND DISSOLVE PRELIM. INJ.

pp. 20–24.) Elsewhere in the complaint, plaintiffs refer to unjust enrichment and quiet title. (*Id.* p. 18.) Plaintiffs refer to "Defendants" without naming any specific persons or entities. BAC is nowhere mentioned.

### IV.    ARGUMENT ON MOTION TO DISMISS

#### A.    Legal Standard.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has recently made clear that Rule 8 requires that a complaint contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This required plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent" with a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557. A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Rule 8 thus "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 555. "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Similarly, a "naked assertion" without "further factual enhancement" does not suffice. *Id.* at 557. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950.

On a motion to dismiss, the court may look beyond the pleadings when a plaintiff has alleged the existence of a transaction without appending documents that constitute the transaction. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). In fact, "even if the plaintiff's complaint does not explicitly refer to" the documents cited by defendants,

if plaintiffs' claims are predicated on those documents, defendants may rely on them in a motion to dismiss. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

**B.     Plaintiffs' Complaint States No Facts.**

As set forth above, the complaint is essentially bereft of specific facts about plaintiffs or their relationship with BAC. Plaintiffs' allegations are accordingly insufficient under *Twombly* and *Iqbal*, which require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. The complaint provides no detail about any alleged conduct by BAC, instead offering only unspecified allegations that plaintiffs were harmed. Such conclusory pleading does not satisfy FED. R. CIV. P. 8. *See Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement ... is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

**C.     Plaintiffs' "Causes of Action" Fail to State a Claim.**

A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699. Plaintiffs' vague and unclear "causes of action" do not plead a cognizable theory of relief against BAC.

**1.     BAC does not owe a fiduciary duty to plaintiffs.**

Plaintiffs allege that "Defendants Agent, appraiser, trustee, Lender, et al, and each of them, owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions and related to title activities involving trust property." (Compl. p. 20.) Plaintiffs do not allege that BAC owed a fiduciary duty to them. Plaintiffs further assert that these unnamed defendants breached the fiduciary duties by, among other things, not ensuring compliance with applicable laws governing loan transactions. (*Id.*) Putting aside the fact that plaintiffs nowhere specify how various statutes were violated, or how BAC did so, this claim fails because BAC does not owe a fiduciary duty to plaintiffs. A lender or loan servicer stands at arms-length from a borrower and

Page 6 – MEMO. IN SUPP. OF DEF.'S MOT. TO DISMISS AND DISSOLVE PRELIM. INJ.
         DAVIS WRIGHT TREMAINE LLP     DWT 15544155v1 0092320-000003
                  1300 S.W. Fifth Avenue · Suite 2300
                  Portland, Oregon 97201 · (503) 241-2300

does not owe a fiduciary duty. *See, e.g., Baldain v. American Home Mortgage Servicing, Inc.*, No. S-09-0931, 2010 WL 56143, at *11 (E.D. Cal. Jan. 5, 2010); *see also Shin v. Sunriver Preparatory School, Inc.*, 199 Or. App. 352, 366, 111 P.3d 762 (2005) (creditor-debtor relationship does not normally include fiduciary duties).

        2.    **BAC does not owe a duty of care to plaintiffs supporting a negligence claim.**

For the same reason, plaintiffs' negligence claim against BAC is without merit. Again, plaintiffs allege that unspecified defendants "owed a general duty of care with respect to Petitioners, particularly concerning their duty to properly perform due diligence as to the loans and related transactional issues described hereinabove." (Compl. p. 20.) A lender or loan servicer does not owe a special duty of care to a borrower. *Shin*, 199 Or. App. At 366; *see also Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). Moreover, when a relationship between parties arises out of a contract, a plaintiff may only bring a negligence claim if the defendant is "subject to a standard of care independent of the terms of the contract." *Georgetown Realty v. The Home Ins. Co.*, 313 Or. 97, 106, 831 P.2d 7 (1992). A defendant must accordingly have a "special responsibility toward the other party. This is so because the party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests." *Conway v. Pac. Univ.*, 324 Or. 231, 240, 924 P.2d 818 (1996). There is no "special responsibility" in an arms-length loan transaction.

Plaintiffs also appear to assert a negligence per se claim based on alleged violations of the Truth in Lending Act ("TILA"), the Home Owner's Equity Protection Act ("HOEPA") and the Real Estate Settlement Procedures Act ("RESPA"). (Compl. p. 20.) This claim is deficient on its face because it nowhere identifies BAC and does not specify what statutory violations

Page 7 – MEMO. IN SUPP. OF DEF.'S MOT. TO DISMISS AND DISSOLVE PRELIM. INJ.

DAVIS WRIGHT TREMAINE LLP    DWT 15544155v1 0092320-000003
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

were allegedly committed by BAC. *See Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA and TILA claims for failure to allege how defendants violated those statutes); *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent supporting allegations").

To state a claim for negligence per se, moreover, a plaintiff "must allege must allege that (1) defendants violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; and (4) that the injury plaintiff suffered is of a type that the statute was enacted to prevent." *McAlpine v. Multnomah County*, 131 Or. App. 136, 144, 883 P.2d 869 (1994). Here, plaintiffs are not entitled to relief under the statutes they vaguely cite. For example, TILA and HOEPA claims for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period commences on the date the loan papers are signed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Here, plaintiffs signed the loan papers on October 27, 2008, well over a year before they filed this case in August 2010.[6] The statute of limitations bars any recovery predicated on violations of TILA and HOEPA. *See, e.g., Hernandez v. First Amer. Loanstar Trustee Servs.*, No. 10-CV-00119, 2010 WL 1445192, at *3 (S.D. Cal. April 12, 2010) (dismissing negligence per se claim predicated on TILA and HOEPA violations due to statute of limitations bar).

Plaintiffs' reliance on RESPA is similarly flawed. RESPA also has a one-year statute of limitations, 12 U.S.C. § 2614, which period began to run on October 27, 2008, and expired before the filing of this action. *See Vega v. JPMorgan Chase Bank, NA*, 654 F. Supp. 2d 1104,

---

[6] Plaintiffs' deed of trust is attached as Exhibit C to the McStay Declaration. The court may look beyond the pleadings when a plaintiff has alleged the existence of a transaction without appending documents that constitute the transaction. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). The court may also take judicial notice under FED. R. EVID. 201 of a deed of trust, as a document officially recorded in this jurisdiction, and defendant requests that the court do so.

1114 (E.D. Cal. 2009) (dismissing RESPA claim because brought more than a year after loan papers signed). And RESPA does not as a general rule create an express or implied right of action. *See, e.g., Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997). In exceptional circumstances, a private right of action may exist if mentioned in a specific section of RESPA, *Bloom v. Martin*, 865 F. Supp. 1377, 1384–85 (N.D. Cal. 1994), but plaintiffs here cite no specific section at all. *See, e.g., Aloua v. Aurora Loan Servs., LLC*, No. 09-CV-00207, 2010 WL 2555648, at *4 (D. Nev. June 23, 2010) (dismissing negligence per se claim premised on RESPA violation because plaintiff cited section that did not mention a private right of action).

### 3. Plaintiffs' fraud claim is utterly lacking in specificity.

Plaintiffs allege a claim they call "Agent: Common Law Fraud." (Compl. p. 21.) "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999). Here, plaintiffs do nothing except allege that misrepresentations were made to them, offering no information about the time, place, content, and parties. Nor do the allegations even mention BAC. In *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1021 (N.D. Cal. 2009), the court dismissed a borrower's fraud claim because "the complaint does not identify any defendant with particularity, let alone allege facts informing each defendant of the allegations surrounding their alleged participation in the fraud, i.e., the circumstances surrounding each misrepresentation, such as the time, place and nature of the allegedly fraudulent representations, and the identity of the persons making them." This claim should be dismissed for the same reason.

/ / /

4. **Plaintiffs offer no facts about BAC's alleged tortious breach of the covenant of good faith and fair dealing.**

Plaintiffs plead what appears to be a claim of tortious breach of the duty of good faith and fair dealing. (Compl. p. 22.) The claim seems to refer to an alleged fiduciary duty between a borrower and his mortgage agent, but in any event nowhere mentions BAC. As noted above, BAC owes no fiduciary duty to plaintiffs. And plaintiffs have pleaded no facts suggesting any sort of "special relationship" between them and BAC imposing a duty of care on BAC. *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 650, 891 P.2d 639 (1995) (affirming dismissal of tortious breach of duty of good faith and fair dealing claim when no facts pleaded suggested standard of care apart from loan agreement between parties); *Spencer v. DHI Mortgage Co., Ltd.*, 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009) (dismissing borrower's tortious breach claim because the "complaint makes no attempt to allege such a special relationship with meaningful facts").

To the extent this claim may be contractual in nature, it should be dismissed because it does not allege that BAC breached a contractual obligation to plaintiffs. *See Fortaleza*, 642 F. Supp. 2d at 1022 (dismissing breach of implied covenant of good faith and fair dealing claim because complaint did not allege a breach of contractual obligation); *Spencer*, 642 F. Supp. 2d at 1165 (dismissing borrower's breach claim because of "the absence of allegations to identify a particular contract or breach").

5. **Plaintiffs' Truth in Lending Act claim is facially defective and time-barred.**

As explained above in the section addressing plaintiffs' negligence claim, plaintiffs are not entitled to relief under TILA. As an initial matter, plaintiffs do not identify any specific TILA violations or offer any details about their loan transaction. The claim does not even identify BAC. A bare statement that TILA has been violated is insufficient to state a claim. *See Marks v. Chicoine*, No. C 06-06806 SI, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing HOEPA and TILA claims for failure to allege how defendants violated those

Page 10 – MEMO. IN SUPP. OF DEF.'S MOT. TO DISMISS AND DISSOLVE PRELIM. INJ.

DAVIS WRIGHT TREMAINE LLP    DWT 15544155v1 0092320-000003
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

statutes); *Justice v. Countrywide Home Loans, Inc.*, No. 3:05-CV-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent supporting allegations"). Moreover, any TILA claim for damages would be time-barred here, where plaintiffs have brought the claim more than a year after the loan papers were signed.

### 6. Plaintiffs do not identify any conduct by BAC that allegedly caused their emotional distress.

Plaintiffs allege that unspecified "conduct committed by Defendants" caused them severe emotional distress. (Compl. p. 23.) This conclusory and vague allegation does not state a claim. The complaint does not identify BAC or specify what conduct by BAC allegedly harmed plaintiffs. Nor does the complaint allege facts indicating that BAC had a "special relationship" with plaintiffs imposing any obligation on BAC to refrain from outrageous conduct. *See Delaney v. Clifton*, 180 Or. App. 119, 131 n.7, 41 P.3d 1099 (2002) (explaining that review of Oregon caselaw "suggests that a special relationship has been alleged in almost all successfully pleaded claims").

### 7. Plaintiffs' other requests for relief do not state a claim.

Although not listed under "Causes of Action," the complaint also includes vague requests to disgorge unjust enrichment and quiet title. (Compl. pp. 18–19.) To the extent these may be interpreted as claims for relief, they should also be dismissed for failure to state a claim.

Plaintiffs do not identify BAC as the loan servicer and do not specify any wrongful conduct by BAC leading to its unjust enrichment at plaintiffs' expense. Nor can this court imply a quasi-contract to give equitable relief to plaintiffs when there are express contracts in place governing this transaction – the note and trust deed. *See Prestige Homes Real Estate Co. v. Hanson*, 151 Or. App. 756, 762, 951 P.2d 193 (1997) ("[U]ltimately there cannot be a valid legally enforceable contract and an implied contract covering the same services.").

Plaintiffs' quiet title request is also flawed by the failure to allege any specific facts involving BAC. In particular, plaintiffs do not allege that BAC claims an interest in property adverse to them, a requirement for pleading a quiet title action. *See Rohner v. Neville*, 230 Or. 31, 33, 365 P.2d 614 (1961).

Finally, plaintiffs appear to request rescission of the transaction or the loan contract. But they nowhere plead that they have tendered the past due loan amounts, which is a requirement to forestall foreclosure. *See, e.g., Crane v. Mabry*, 104 Or. App. 634, 639–40, 802 P.2d 696 (1990) (borrower must unconditionally tender all amounts past due and money must be available for acceptance). Similarly, plaintiffs nowhere allege that they have returned or can return the loan proceeds, a prerequisite for rescission under TILA. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender") (internal citation omitted).

## V.  REQUEST TO DISSOLVE PRELIMINARY INJUNCTION

On August 30, this court entered an order enjoining a foreclosure sale of plaintiffs' property until October 27, 2010. (Docket #12.) In addition to dismissing plaintiffs' complaint for the reasons set forth above, BAC requests that the injunction be dissolved and in no way renewed.

As noted in the Background section above, plaintiffs appear to be engaging in gamesmanship with their initial filings by sending them to different general mailing addresses for BAC, even though they are plainly aware of BAC's registered agent for service of process in Oregon. Plaintiffs served their injunction pleadings and the court's show-cause order not on the registered agent on whom they served the summons and complaint, but on a general mailing address for BAC that is not designated for legal process and receives hundreds of pieces of mail daily. McStay Decl. ¶ 3. This notice was inadequate both to apprise BAC that it needed to appear at the preliminary injunction hearing on August 30 and to bind BAC to the order. FED. R. CIV. P. 65(a)(1) (court may issue preliminary injunction only on notice to adverse party); FED. R.

CIV. P. 65(d)(2) (order binds only those "who receive actual notice of it by personal service or otherwise"). "The purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction, and compliance is mandatory. Preliminary injunctions entered without notice to the opposing party are generally dissolved." *U.S. v. Microsoft*, 147 F.3d 935, 944 (D.C. Cir. 1998) (internal citations omitted). BAC did not have a fair opportunity even to become aware of the show cause hearing – much less to oppose the preliminary injunction request. It is also plain that plaintiffs can demonstrate no likelihood of success on the merits warranting injunctive relief because their complaint is fatally flawed in all particulars. The court should dissolve the injunction.

## VI.   REQUEST TO EXPUNGE LIS PENDENS

Because all claims should be dismissed under FED. R. CIV. P. 12(b)(6), the court should also order the expungement of the lis pendens filed by plaintiffs. *See U.S. v. Premises Known as 7725 Unity Ave. North, Brooklyn Park, Minn.*, 294 F.3d 954, 957 (8th Cir. 2002) (dismissal of action terminates lis pendens).

## VII.   CONCLUSION

Plaintiffs' rambling complaint does not specifically mention BAC and contains no legal theory upon which plaintiffs can recover. For the reasons set forth above, the complaint should be dismissed with prejudice. To the extent a preliminary injunction against foreclosure remains in place, it should be dissolved. Plaintiffs' lis pendens should be expunged.

DATED this 1st day of October, 2010.

**DAVIS WRIGHT TREMAINE LLP**

By  /s/ P. Andrew McStay, Jr.
Gregory A. Chaimov, OSB 822180
gregchaimov@dwt.com
P. Andrew McStay, Jr., OSB 033997
andrewmcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201
Telephone:  503-241-2300

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, DISSOLVE PRELIMINARY INJUNCTION, AND EXPUNGE NOTICE OF LIS PENDENS** on:

Edward and Renee Fisher
3636 Princeton Way
Medford, OR 97504
ed.renee.fisher@gmail.com

Plaintiffs Pro Se

☒ by mailing a copy today in a sealed, first-class postage prepaid envelope, addressed to plaintiffs' address listed above and deposited in the U.S. mail at Portland, Oregon;

☒ by emailing a copy today to plaintiffs' email address listed above.

DATED this 1st day of October, 2010.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ P. Andrew McStay, Jr.
Gregory A. Chaimov, OSB 822180
gregchaimov@dwt.com
P. Andrew McStay, Jr., OSB 033997
andrewmcstay@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: 503-241-2300
Facsimile: 503-778-5299

Attorneys for Defendant

Page 1 – CERTIFICATE OF SERVICE

DAVIS WRIGHT TREMAINE LLP   DWT 15544155v1 0092320-000003
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300