IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

EDWARD & RENEE FISHER,

        Plaintiffs,        Civ. No. 10-3079-PA

                                   **ORDER**

   v.

BANK OF AMERICA HOME LOANS,

        Defendant.

**PANNER, J.**

   Defendant Bank of America Home Loans Servicing, LP, named in the complaint as Bank of America Home Loans, moves to dismiss a complaint brought by *pro se* plaintiffs Edward and Renee Fisher. For the reasons that follow, defendant's motion to dismiss [#24] is GRANTED.

**BACKGROUND**

   On August 18, 2010, plaintiffs filed this action. Despite a length of 24 pages, the complaint alleges hardly any facts. The complaint does allege that plaintiffs entered into a consumer contract - the complaint does not say with whom - refinancing

1 - ORDER

plaintiffs' home. The bulk of the complaint, with headings such as "General State of the Real Estate Industry," consist of a history and indictment of the lending industry as a whole. Plaintiffs have exercised substantial ingenuity in the preparation of this complaint.

Plaintiffs bring claims of Breach of Fiduciary Duty, Negligence/Negligence Per Se, Agent: Common-Law Fraud, Breach of the Implied Covenant of Good Faith and Fair Dealing, Violation of the Truth In Lending Act, and Intentional Infliction of Emotional Distress. On August 30, following a hearing, I granted plaintiffs' motion for a preliminary injunction, prohibiting defendant from conducting a non-judicial foreclosure sale of plaintiffs' house.

On August 31, the court issued a Trial Management Order. The clerk mailed a copy of that order to plaintiffs on that same day. The order set trial for October 26 and 27, 2010 and a pretrial conference for October 18 at 3:00 p.m. in Medford. On October 18, plaintiffs did not appear at the pretrial conference. The court waited until 3:20 and then held a status conference without plaintiffs. A court reporter recorded the status conference.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a

complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro se* pleadings liberally, giving plaintiffs every benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

### DISCUSSION

In considering defendant's motion, I begin by separating the factual allegations from the legal conclusions. Iqbal, 129 S.Ct.

at 1950. Other than the fact plaintiffs entered into a home loan, and defendants apparently charged plaintiffs some listed fees at the time of settlement, the complaint is devoid of specific factual allegations against this particular defendant. The remaining 24 pages of legal conclusions are not entitled to an assumption of truth. <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S.Ct. at 1949 (while detailed factual allegations are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The sparse factual allegations, taken as true, simply do not raise any viable claims. <u>See</u> <u>Iqbal</u>,129 S.Ct. at 1950 (at the motion to dismiss stage, legal conclusions, which may provide the framework of a complaint must be supported by factual allegations). As such, the complaint must be dismissed. <u>Id.</u> at 1954.

The dismissal is without prejudice. <u>See</u> <u>Karim-Panahi</u>, 839 F.2d at 623 (dismissal without prejudice of *pro se* complaint unless it is clear deficiencies could not be cured by amendment). The court grants plaintiffs thirty days from the date of this order to file an amended complaint. The court instructs plaintiffs that rather than submit a 24-page indictment on the lending industry as a whole, the pleadings should abide by Federal Rule of Civil Procedure 8(a)(2) and contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief[.]"

Because plaintiffs proceed *pro se*, the court attempts to instruct plaintiffs on the complaint's deficiencies. Id. at 623-24. Plaintiffs should take notice that in addition to failing on a general level to allege any claim, the specific claims raised each contain deficiencies:

## I. Breach of Fiduciary Duty

This claim fails because generally, arms-length banking and loan transactions do not constitute a special or fiduciary relationship giving rise to a fiduciary duty. Uptown Heights Associates Ltd. Partnership v. Seafirst Corp, 320 Or. 638, 650, 891 P.2d 639 (1995) (absent standard of care independent of contract at issue, bank under no obligation to refrain from foreclosing. Plaintiffs allege no facts supporting the conclusion that defendant had any sort of heightened duty toward plaintiffs.

## II. Negligence/Negligence Per Se

This claim fails for a similar reason as above - plaintiffs allege no facts warranting the creation of any sort of duty owed by defendant. Rather, the relationship is typically an arms-length relationship.

As for Negligence Per Se, plaintiffs make general allegations that defendant violated the Real Estate Settlement Procedures Act, Truth In Lending Act, and HOEPA, but the complaint does not even allege which portion of the act(s) defendant violated. For example, plaintiffs do not plead what

disclosures defendant failed to make in violation of the TILA. Conclusions alone will not defeat a motion to dismiss. Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1949.

### III. Agent: Common-Law Fraud

Fraud claims must be alleged with particularity. Fed. R. Civ. P. 9(b). When a plaintiff alleges fraud, Rule 9 requires specificity allowing defendant to actually defend the accusation rather than simply deny it has done anything wrong. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation omitted). In regard to surviving a motion to dismiss, specificity means a fraud claim requires an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Id.

### IV. Breach of the Implied Covenant of Good Faith and Fair Dealing

This section of the pleadings does not match defendants here. For example, the section states "the Motion to Dismiss should be denied," Compl., 23, even though defendant had no pending motion to dismiss. Additionally, there is no allegation of any insurance relationship between defendant and plaintiffs. Plaintiffs, however, argue a special relationship exists between an insurer and the insured. Because so many of the pleadings simply do not match up with the relationship between the parties, it is difficult to determine what facts plaintiffs allege and what facts plaintiffs cut and pasted from complaints or motions

in other cases.

## V. Violation of the Truth In Lending Act

Like the complaint in general, this claim contains no specific factual allegation. The claim is one for a violation of TILA in general, with no reference to a particular section defendant allegedly violated. Additionally, in plaintiffs' response, they attach as an exhibit the TILA disclosure forms included at settlement. If anything, this exhibit may ultimately defeat plaintiffs' TILA claim.

As noted by defendant, because damage claims under the TILA are subject to a one-year statute of limitations, plaintiffs claim could be time-barred. King v. State of California, 784 F.2d 910, 914 (9th Cir. 1986) (TILA regulations, legislative history "evince a congressional intent to terminate liability one year after consummation of the loan contract."). As plaintiffs, according to their own exhibit, received the disclosures at the time of the loan, no facts here point towards equitable tolling. Id. at 914-15 (equitable tolling may apply when borrower does not discover, or have reasonable opportunity to discover, fraud or nondisclosures forming the basis of the TILA violation). In an amended complaint, plaintiffs may well want to plead facts establishing why they did not find out about the failure to disclose despite apparently receiving the TILA disclosures at the time of the loan. That said, I note that I do not take judicial

notice of the exhibits at this time. Instead, I merely point out potential problems plaintiffs should be aware of.

On a related note, plaintiffs also seek recission of the loan. The statute of limitations on a TILA recission claim is subject to a three-year absolute window. The loan is within that three-year window but to pursue a recission claim, the court may require plaintiffs to at least be able to return the proceeds of the loan to defendant as a condition precedent to bringing a recission claim. Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (trial judge has discretion "to condition recission on tender by the borrower of the property he had received from the lender" minus interest and penalties paid"). Plaintiffs also fail to allege any facts entitling them to recission.

**VI. Intentional Infliction of Emotional Distress**

Under Oregon law, a claim of IIED requires allegations that the defendant intended to cause the distress, or knew such distress was substantially certain to occur; that plaintiff actually experienced severe emotional distress; that defendant's actions caused plaintiff's distress; and that defendant's conduct constituted an extraordinary transgression of the bounds of socially acceptable conduct. McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995); Campbell v. Safeway, Inc., 332 F.Supp.2d 1367, 1376 (D. Or. 2004).

Although plaintiffs plead labels and conclusions in support of this claim, they fail to allege specific facts plausibly suggesting that defendant's conduct here, apparently as the servicer of plaintiff's loan, transgressed the bounds of socially acceptable conduct. See Twombly, 550 U.S. at 555.

**VII. Real Estate Settlement Procedures Act**

Plaintiffs do not specifically bring a RESPA claim, but they do allege defendant violated RESPA. RESPA provides a private right of action for a claim of a kickback in exchange for real estate services. 12 U.S.C. § 2607(d). In their response, plaintiffs state that defendant paid an undisclosed yield premium to the loan broker. Presumably, this kickback was to encourage the broker to fudge the numbers and induce plaintiffs to enter a loan plaintiffs could not afford. This allegation however, is not in the pleadings and plaintiffs do not specifically bring a RESPA claim in their complaint. In ¶¶ 21-23 of the Response, plaintiffs apparently allege defendant violated RESPA. What section of RESPA did defendant violate by not paying the fees to a third party vendor? Are all of the fees contrived? Did the lender or trustee have a duty to "provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner[?]"

If plaintiffs intend to bring a RESPA claim, they may do so in an amended complaint. Plaintiffs should also note that while

9  - ORDER

some RESPA causes of action contain a three-year statute of limitations, some RESPA claims may be barred by a one-year limit. 12 U.S.C. § 2614.

## VIII. General Instructions

In short, if plaintiffs chose to file an amended complaint, they should simply put defendant on notice of the claims and simply lay out the facts giving rise to those claims. How did this defendant harm plaintiffs? For example, in their Response, plaintiffs allege "that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to plaintiff." (Resp., 4.) Bank of America, however, is not listed as the lender in the documents provided by plaintiffs. (Ex. 1, 2.)

Plaintiffs attach the Settlement Statement and Truth-In-Lending Disclosure Statement as exhibits to their Response. These documents could very well be subject to judicial notice. If so, the amended complaint will need to plead facts demonstrating why plaintiffs are entitled to equitable tolling when, by plaintiffs own exhibits, plaintiffs received TILA disclosures at the time of settlement.

////
////
////

## CONCLUSION

Defendant's motion to dismiss (#24) is GRANTED. Plaintiffs' complaint is dismissed without prejudice. Plaintiffs are granted 30 days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 21 day of October, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

11 - ORDER