FILED'11 JAN 21 9 :35USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

EDWARD & RENEE FISHER,

          Plaintiffs,       Civ. No. 10-3079-PA

                                **ORDER**

    v.

BANK OF AMERICA HOME LOANS,

          Defendant.

---

**PANNER, J.**

    Defendant Bank of America Home Loans Servicing, LP, named in
the complaint as Bank of America Home Loans, moves to dismiss a
first amended complaint brought by *pro se* plaintiffs Edward and
Renee Fisher. For the reasons that follow, defendant's motion to
dismiss (#32) is GRANTED in part and DENIED in part. Plaintiffs'
request for leave to file a second amended complaint (#35) is
GRANTED in part. Plaintiffs are granted leave to name additional
defendants.

1  - ORDER

**BACKGROUND**

On August 18, 2010, plaintiffs filed this action. On October 21, I issued an order (#30) granting defendant's motion to dismiss. I granted plaintiffs 30 days to file an amended complaint. On November 5, plaintiffs filed a first amended complaint (#31). Attached to the first amended complaint as exhibits 1-4 are the note, the deed, the settlement statement, and a disclosure statement. Defendant again moved to dismiss (#32). On December 3, plaintiffs requested leave to file a second amended complaint. Defendant filed a motion in opposition (#36).

Plaintiffs' 25-page first amended complaint is similar to the complaint previously dismissed. The amended complaint names no new defendants. That said, plaintiffs plead some new specific factual allegations. Many of these allegations relate to actors other than the named defendant. For example, plaintiffs allege they used Ashland Mortgage, Inc. as the loan broker. Plaintiffs allege that because they paid the broker, the broker owed plaintiffs a fiduciary duty. Plaintiffs allege the broker breached this duty by failing to give full disclosures of the value and volatility of the property ("resulting from blatant fraudulent practices being practiced by broker"). Plaintiffs also allege the broker failed to advise plaintiffs that plaintiffs qualified for a less expensive loan. (Am. Compl., ¶ 7.) Plaintiffs do not name the broker as a defendant in the amended

2 - ORDER

complaint.

Plaintiffs allege defendant Bank of America Home Loan Servicing, L.P. was the lender.[1] Plaintiffs allege the lender induced the appraiser of the home to prepare "an artificially inflated appraisal of the currently existing true value of the property." (Id. at ¶ 12.) Plaintiffs also allege the lender failed to make required loan disclosures. Specifically, plaintiffs allege the lender did not prove certain services billed for - such as $400 for the appraisal, $75 for title insurance, $250 for processing - were necessary, reasonable, and without markups. (Id. at ¶ 16.) Plaintiffs also allege the lender immediately sold the note and that the purchasers failed to register the transfers in the land records. (Id. at ¶ 20.) Plaintiffs request leave to name Mortgage Electronic Registration Systems, Inc., Recontrust Company, N.A., and Freddie Mac as defendants. At this time, plaintiffs do not seek leave to name the mortgage broker as a defendant.

## STANDARDS

I.  **DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

On a motion to dismiss, the court reviews the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). This review is generally limited to the allegations in the complaint,

---

[1]Defendant states it merely serviced the loan.

3  - ORDER

exhibits attached to the complaint, and judicially noticeable materials. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

     In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes pro se pleadings liberally, giving plaintiffs every benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

////

4  - ORDER

## II. PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The district court should apply Rule 15's policy of favoring amendments "with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)(citations and internal quotations omitted). The district court may deny leave to amend if the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

### DISCUSSION

## I. DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

### A. PLAINTIFFS' TILA AND RESPA CLAIMS.

Plaintiffs allege defendant did not provide disclosures required under the Truth In Lending Act ("TILA"). 15 U.S.C. § 1601(a) describes the purpose of TILA:

> The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer

against inaccurate and unfair credit billing and credit
card practices.

Accordingly, TILA requires that lenders provide certain
disclosures to consumers. See 15 U.S.C. § 1638. In certain
circumstances, a consumer who does not receive required
disclosures may rescind the transaction or recover damages.
Plaintiffs here apparently seek damages and rescission.

An action for damages under TILA is subject to a one-year
statute of limitations. § 1640(f). Generally, the statute of
limitations begins to run at the consummation of the loan. King
v. California, 784 F.2d 910, 915 (9th Cir. 1987). Equitable
tolling may suspend the limitations period if the borrower did
not have a "reasonable opportunity to discover the fraud or
nondisclosures" and if tolling would not frustrate the purposes
of TILA. Id.

On October 28, 2008, plaintiffs consummated the transaction.
On August 18, 2010, plaintiffs filed the complaint. Although
plaintiffs' TILA damages claim falls outside of the one-year
statute of limitations, plaintiffs argue equitable tolling should
apply. Given the facts here, equitable tolling is not appropriate
at this time.

As noted above, the purpose of TILA is to promote "the
informed use of credit" by requiring "a meaningful disclosure of
credit terms." 15 U.S.C. § 1601(a). Ultimately, "the informed use
of credit results from an awareness of the cost thereof by

6  - ORDER

consumers." Id. Plaintiffs' exhibit 4 to the first amended
complaint demonstrated plaintiffs actually received TILA
disclosures. As exhibits to the complaint, these documents are
subject to review upon a motion to dismiss. Swartz, 476 F.3d at
763. Among other disclosures, the statement provides the annual
percentage rate, the finance charge, the amount financed, the
total payment amount, and the monthly payment amounts. (Am.
Compl., Ex. 4.) Plaintiffs admit receiving these disclosures at
closing. (Am. Compl., ¶ 15.) Plaintiffs do not allege that any of
this information was incorrect.

Plaintiffs' mortgage qualifies as a "closed-end"
transaction. See 12 C.F.R. §§ 226.2(10), (20)(2010). Section
1638(a) outlines the disclosures required in closed-end
transactions. At this time, it appears plaintiffs actually
received a meaningful disclosure of terms and were aware of the
total cost of the transaction. (First Am. Compl., Ex. 4.)

Although plaintiffs argue defendant's fraudulent concealment
of the terms justifies equitable tolling, this bare legal
conclusion is not entitled to an assumption of truth. Twombly,
550 U.S. at 555; Iqbal, 129 S.Ct. at 1949 (while detailed factual
allegations are not required, a complaint must contain "more than
an unadorned, the-defendant-unlawfully-harmed-me accusation"). As
noted, plaintiffs received the disclosures at closing. (Am.
Compl., ¶ 15.) Plaintiffs do not allege which of the disclosed

7 - ORDER

terms were incorrect or which required terms were not disclosed.
Instead, plaintiffs state they were unaware of defendant's
wrongdoings "until the improprieties of the real estate market
were finally made public in the popular media." (Am. Compl., ¶
47.)

This does not appear to be a case where, due to the lender's
fraud, the consumer received inaccurate disclosures and could not
reasonably discover such fraud within the limitations period. See
Jones v. Transohio Savings Assn., 747 F.2d 1037, 1038-39 (6th
Cir. 1984)(equitable tolling could apply when complaint alleged:
TILA documents stated fixed interest rate; note stated variable
interest rate; defendant disclosed TILA statement and
fraudulently withheld note; and defendant later raised the
interest rate according to withheld note); Meyer v. Ameriquest
Mortgage Company, 342 F.3d 899, 902 (9th Cir. 2003)(any failure
to disclose occurred at closing when plaintiffs produced no
evidence of undisclosed credit terms or fraudulent concealment
and received all documents relevant to discovery of TILA damages
claim at closing). Outside of bare legal conclusions, plaintiffs
here plead no facts alleging fraud related to TILA disclosures.
Plaintiffs have not demonstrated that defendant failed to make a
meaningful disclosure of the terms of the loan. See 15 U.S.C. §
1601(a). Therefore, equitable tolling is not appropriate. King,
784 F.2d at 915. Plaintiffs' TILA damages claim is untimely.

8  - ORDER

Because it is not clear that no amendment could cure this claim, the dismissal is without prejudice. <u>Karim-Panahi</u>, 839 F.2d at 623.

In addition to requiring disclosures meant to increase "the informed use of credit," the TILA also grants certain consumers the opportunity to rescind the transaction. § 1635(a). The transaction at issue appears to be a refinance, and not a "residential mortgage transaction."[2] The reviewable documents do not reveal if rescission is available for the refinance here. <u>See</u> § 1635(e)(2); 12 C.F.R. § 226.23(f)(2)(partial rescission of refinance may be available as to any unpaid finance charge, the cost of refinancing, and the amount the refinance exceeds any unpaid principal). Giving plaintiffs the benefit of the doubt, the refinance at issue is not exempt from the TILA rescission provision. <u>See</u> § 1635(e)(2); 12 C.F.R. § 226.23(f)(2).

If permitted, the opportunity to rescind is available within three business days of either the consummation of the loan or the delivery to the consumer of TILA disclosures and right-to-rescind forms, whichever is later. <u>Id.</u> Absent from the exhibits is any form explaining plaintiffs' right to rescind. Even if the

---

[2]A "residential mortgage transaction" is defined as a transaction in which a mortgage or deed of trust "is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Consumers of "residential mortgage transactions" are not entitled to rescind the transaction under TILA. § 1635(e)(1).

consumer never receives notice of the right to rescind, the right
to rescind expires, at the latest, three years after the
consummation of the loan. § 1635(f); Beach v. Ocwen, 523 U.S.
410, 419 (1998). Plaintiffs bring the rescission claim within
three years of consummating the loan. Therefore, unless
plaintiffs received all of the disclosures, the rescission claim
could be timely. § 1635(f).

    Plaintiffs have failed, however, to demonstrate the ability
to return the proceeds of the loan to defendant as a condition
precedent to bringing a rescission claim. This requirement is
appropriate because as plaintiffs' exhibits suggest, any TILA
violations here, if any, do not appear to be "egregious." See
Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir.
2003). Plaintiffs' rescission claim is dismissed without
prejudice, with leave to refile upon such a showing. Id. (noting
court's discretion "to condition rescission on tender by the
borrower of the property he had received from the lender" minus
interest and fees)(internal citations omitted).

    I construe plaintiffs' RESPA claim as alleging a violation
of 12 U.S.C. § 2607. Section 2607 prohibits "kickbacks and
unearned fees." As relevant here, claims pursuant to section 2607
are subject to a one-year statute of limitations. § 2614. As
noted above, exhibit 3 is a copy of the settlement statement.
Plaintiffs admit receiving the statement at closing. (Am. Compl.,

¶ 15.) For reasons similar to those discussed above regarding plaintiffs' TILA damages claim, plaintiffs' RESPA claim is time-barred and dismissed without prejudice.[3]

## B. **PLAINTIFFS' IMPROPER RECORDING CLAIM.**

Plaintiffs allege the lender sold the note. (First Am. Compl., ¶¶ 18-19.) Plaintiffs allege the note was then sold on numerous other occasions. (Id. at ¶ 20.) Plaintiffs allege at least some of these sales were not recorded in the county recording office. (Id.) MERS is listed as the beneficiary on the deed.[4] (First Am. Compl., Ex. 2, 1.) Plaintiffs filed a motion for leave to name MERS as a defendant.

In Oregon, a trustee may conduct a non-judicial foreclosure sale only if:

> The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated[.]

Or. Rev. Stat. § 86.735(1). Construed liberally, plaintiffs'

---

[3]To the extent plaintiffs allege the settlement statement included "markups" or "overcharges," Amended Complaint, ¶ 16, section 2607 does not prohibit such fees. Martinez v. Wells Fargo Home Mortgage, Inc., 598 F.3d 549, 553-54 (9th Cir. 2010).

[4]For background information on MERS, see generally Gerald Korngold, Legal and Policy Choices in the Aftermath of the Subprime and Mortgage Financing Crisis, 60 S.C. L. Rev. 727, 741-42 (Spring 2009) and Christopher L. Peterson, Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System, 78 U. Cin. L. Rev. 1359, 1368-1374 (Summer 2010).

claim that not every assignment was recorded in the county land records states a plausible claim for relief that defendant violated Or. Rev. Stat. § 86.735(1) by not recording the transfer of every beneficial right. See Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105 *2-3 (D. Or. Oct. 20, 2010).

### C. PLAINTIFFS' FRAUD CLAIMS

As noted above, plaintiffs do allege some specific factual allegations relating to fraud. Plaintiffs allege defendant conspired with the appraiser to return an artificially inflated appraisal. (Am. Compl., ¶ 12.) Plaintiffs allege defendant concealed the true value and condition of the property with the intent of making plaintiffs default. (Id. at ¶ 22(a)-(b).) Plaintiff also alleges other parties not currently named as defendants committed fraud. For example, plaintiffs allege the broker misinformed plaintiffs as to available credit, pushing plaintiffs into a costlier loan. (Id. at ¶ 7.) Plaintiffs allege they did not learn of the alleged fraud until after signing the mortgage.

In Oregon, a plaintiff bringing a fraud claim must establish: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation will be acted on by the person and in the manner

12 - ORDER

reasonably contemplated; (6) the hearer's ignorance of its

falsity; (7) the hearer's reliance on its truth; (8) the hearer's

right to rely on the representation; and (9) injury. U.S. Nat'l

Bank v. Fought, 291 Or 201, 220-221, 630 P.2d 337 (1981)(internal

citation omitted). The two-year statute of limitations on fraud

claims begins to run when a plaintiff knows or should have known

of the fraud. Or. Rev. Stat. § 12.110(1); Mathies v. Hoeck, 284

Or. 539, 542, 588 P.2d 1 (1978).

When a plaintiff alleges fraud, Rule 9 requires specificity

allowing defendant to actually defend the accusation rather than

simply deny it has done anything wrong. Swartz, 476 F.3d at 764.

In regard to surviving a motion to dismiss, specificity means a

fraud claim requires an account of the "time, place, and specific

content of the false representations as well as the identities of

the parties to the misrepresentations." Id. Construed liberally,

the amended complaint states a plausible claim for fraud.

## II.  PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Defendant argues any amendment would be futile. The proposed

second amended complaint brings only two claims: (1) Declaratory

relief based on Truth In Lending Act and Real Estate Settlement

Procedures Act violations; and (2) Quiet Title. In addition to

relying on plaintiffs' TILA and RESPA claims discussed above,

these claims rely on plaintiffs' November 23, 2010 letter to

defendants. This letter is attached to the proposed second

13 - ORDER

amended complaint and is thus reviewable. <u>Swartz</u>, 476 F.3d at 763. Plaintiffs argue this letter is a "qualified written request" ("QWR") under RESPA. Because defendants did not respond to the QWR, plaintiffs argue they are entitled to rescind the loan.

Plaintiffs' letter, however, does not qualify as a QWR under RESPA. A QWR allows a borrow to request certain information relating to the "servicing" of the loan. 12 U.S.C. § 2605(e)(1)(A). "Servicing" means "receiving any scheduled period payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Specifically, a QWR is written correspondence that:

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Plaintiffs' letter, at 24 pages, contains few, if any, references to the "servicing" of the loan. Rather than a QWR, plaintiffs' letter is akin to "an accusation of unlawful conduct, a demand to produce loan documents for inspection, and a threat of legal action, which contained no reference to servicing of the

14 - ORDER

Loan." <u>King v. American Mortgage Network, Inc.</u>, 2010 WL 3516475, *2 (D. Utah Sept. 2, 2010). Indeed, as accurately described in the letter's own description, it appears to be some sort of "general administrative good faith request for pre-trial information." (Second Am. Compl., Ex. B, 1.) Other district courts examining similar letters disputing the validity of a loan and demanding rescission concluded such letters do not qualify as QWRs. <u>See</u> <u>MorEquity, Inc. v. Naeem</u>, 118 F.Supp.2d 885, 900-01 (N.D. Ill. 2000); <u>Morris v. Bank of America</u>, 2010 WL 761318, *6 (N.D. Cal. March 3, 2010); <u>Keen v. American Home Mtg. Servicing, Inc.</u>, 664 F.Supp.2d 1086, 1096-97 (E.D. Cal. 2009); <u>Consumer Solutions REO, LLC v. Hillery</u>, 658 F.Supp.2d 1002, 1014 (N.D. Ca. 2009). I conclude plaintiffs' letter is not a QWR.

I conclude granting plaintiffs leave to file the claims in the proposed second amended complaint would be futile. In addition to the claims however, plaintiffs request leave to name additional defendants. As discussed above, plaintiffs do allege specific factual allegations regarding these defendants. Plaintiffs are granted leave to file a second amended complaint naming additional defendants and to plead additional specific factual allegations. The court notes plaintiffs' first amended complaint contains many accusations against the loan broker. Should plaintiffs choose to, they may name the broker as a defendant at this time.

15 - ORDER

## CONCLUSION

Defendant's motion to dismiss (#32) is GRANTED in part and DENIED in part. Plaintiffs' TILA and RESPA claims are dismissed without prejudice. Defendant's motion to dismiss is DENIED as to plaintiffs' claims of fraud and violation of Oregon's recording statute. Plaintiffs' request for leave to file a second amended complaint is GRANTED in part. Plaintiffs are granted leave to name additional defendants and plead additional specific factual allegations. Plaintiffs shall file their second amended complaint by February 7, 2011.

IT IS SO ORDERED.

DATED this _2/_ day of January, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

16 - ORDER